NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RUDOLPH MARTINEZ, JR.,**
*Petitioner*

**v.**

**DEPARTMENT OF THE ARMY,**
*Respondent*

---

2023-2096

---

Petition for review of the Merit Systems Protection Board in No. DE-0752-21-0052-I-1.

---

Decided:  June 11, 2024

---

RUDOLPH MARTINEZ, JR., Pueblo, CO, pro se.

STEPHANIE FLEMING, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by BRIAN M. BOYNTON, STEVEN JOHN GILLINGHAM, PATRICIA M. MCCARTHY.

---

Before PROST, TARANTO, and CHEN, *Circuit Judges*.

PER CURIAM.

Rudolph Martinez, Jr. has appealed the Merit Systems Protection Board's ("MSPB") order denying Mr. Martinez's petition for review and affirming a March 18, 2021 Initial Decision to mitigate Mr. Martinez's removal to a thirty-day suspension, which became final on April 27, 2023. *Martinez v. Dep't of the Army,* No. DE-0752-21-0052-I-1, 2023 WL 3131962 (M.S.P.B. Apr. 27, 2023) ("*Final Order*"). For the following reasons, we affirm.

## BACKGROUND

Mr. Martinez was a Medical Support Assistant in the Army's ("agency") Addiction Medicine Intensive Outpatient Program, Department of Behavioral Health at Evans Army Community Hospital, Fort Carson, Colorado. In early February 2020, Mr. Martinez began leave under the Family and Medical Leave Act of 1993 ("FMLA"). Although Mr. Martinez made efforts to return to work before exhausting his twelve weeks of FMLA, it was not until June 4, 2020, that Mr. Martinez's supervisor successfully made contact with him. After Mr. Martinez returned to work on July 15, 2020, he was certified as having an absence without official leave ("AWOL") from May 25, 2020, until July 14, 2020. On August 31, 2020, Mr. Martinez's removal was proposed for "Conduct Unbecoming a Federal Employee," based on two specifications: (1) "inappropriate comments" and (2) AWOL. S.A. 19.[1] Following Mr. Martinez's response, the agency sustained both specifications and the deciding official removed Mr. Martinez from employment, effective October 16, 2020. Mr. Martinez appealed the decision to the MSPB.

In its Initial Decision, the Administrative Judge ("AJ") sustained the charge of "Conduct Unbecoming a Federal Employee," finding preponderant evidence to support both specifications. Specification (1), inappropriate comments regarding work-related issues, was sustained based on

---

[1]    "S.A." refers to the supplemental appendix submitted with the government's informal brief.

uncontested witness testimony. As to specification (2), however, the AJ found that the agency did not give Mr. Martinez any warnings or qualifiers that "he should actually return immediately to avoid further AWOL charges." S.A. 22. The AJ sustained in part specification (2) to only include AWOL dates of May 25, 2020, to July 8, 2020.

Although the AJ sustained the specifications, the AJ also concluded that the agency did not establish the reasonableness of its removal penalty. The AJ determined that the deciding official failed to weigh relevant, mitigating factors when deciding to remove Mr. Martinez. And upon a weighing of all relevant, mitigating factors ("*Douglas* factors"), the AJ concluded that "the maximum reasonable penalty is a [thirty]-days suspension." S.A. 28. The AJ ordered the agency to cancel Mr. Martinez's removal and substitute the removal with a thirty-day suspension without pay. The AJ also ordered the agency to provide interim relief to Mr. Martinez if a petition for review was filed by either party.

Mr. Martinez filed a petition for MSPB review of the AJ's Initial Decision, contesting the AJ's findings sustaining the charged misconduct, the penalty imposed, and the AJ's denial of certain requested witnesses. The MSPB concluded that Mr. Martinez "ha[d] not established any basis under [5 C.F.R. §] 1201.115 for granting the petition for review." *Final Order,* 2023 WL 3131962, at *1. Consequently, the MSPB denied Mr. Martinez's petition and affirmed the AJ's Initial Decision, making the decision final under 5 C.F.R. § 1201.113(b). *Id.* The MSPB ordered the agency to "cancel the removal and substitute in its place a [thirty]-day suspension without pay" and "complete this action no later than 20 days after the date of this decision." *Id.* The MSPB also ordered the agency "to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision." *Id.* at *2. Mr. Martinez was ordered to "cooperate in good faith in the agency's efforts to

calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the [MSPB]'s Order." *Id.* In the event of disputes regarding "the amount of back pay, interest due, and/or other benefits, [the MSPB ordered] the agency to pay [Mr. Martinez] the undisputed amount no later than 60 calendar days after the date of this decision." *Id.* The MSPB notified Mr. Martinez that he "may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the [MSPB]'s Order." *Id.*

Mr. Martinez timely appealed, and this court has jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

In review of MSPB final decisions, we are required to affirm the decision unless "any agency action, findings, or conclusions [are] found to be—(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). "The petitioner bears the burden of establishing error in the [MSPB]'s decision." *Harris v. Dep't of Veterans Affs.*, 142 F.3d 1463, 1467 (Fed. Cir. 1998).

Mr. Martinez argues that the AJ improperly found a factual basis for specifications (1) and (2), that the AJ improperly weighed the *Douglas* factors, that the AJ was biased, and that the order granting his back pay was violated. We disagree and address each of Mr. Martinez's arguments in turn.

We start with Mr. Martinez's arguments regarding the factual basis for the AJ's sustaining of specifications (1) and (2). Mr. Martinez presents a version of the facts where he defends his conduct and the circumstances underlying specifications (1) and (2). He does not show, however, that the record lacks substantial evidence supporting the AJ's findings, and we do not reweigh evidence on appeal. *See*

*Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966) ("[T]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.").

We now turn to Mr. Martinez's argument that the AJ improperly weighed the *Douglas* factors. Mr. Martinez contests the AJ's *Douglas* factor analysis. He alleges that the AJ "filled in the blanks" of the *Douglas* factors for the agency and "more or less, guided the argument[] for the agency." Pet'r's Informal Br. 8–9.

Contrarily, it was the AJ's analysis of the *Douglas* factors that ultimately supported the AJ's determination that the agency did *not* have sufficient grounds to establish the reasonableness of its removal action of Mr. Martinez, mitigating the removal to a thirty-day suspension. S.A. 25–36. Finding "no actual evidence that [the] deciding official . . . considered certain *Douglas* factors that were relevant and mitigating" in the case, the AJ found that an independent review was necessary to determine "whether removal was within the bounds of reason, or whether mitigation to a lesser penalty [was] required." S.A. 28. Having applied and analyzed each *Douglas* factor, the AJ independently determined that factors (1), (2), (9), (10), (11), and (12) were not considered by the deciding official. And upon application of the additional mitigating factors, the AJ found that the maximum reasonable penalty was a thirty-day suspension. We see no error in that determination.

We now turn to Mr. Martinez's argument that the AJ was biased. He alleges that the AJ "made his decisions biased in favor of the agency." Pet'r's Informal Br. 3. Specifically, Mr. Martinez argues that the AJ should have (1) found error in the agency's decision to select Mr. Martinez's senior supervisor, whom Mr. Martinez characterized as a "key witness" and "interested party," as the deciding official, and (2) compelled his senior supervisor to testify before the MSPB. Pet'r's Informal Br. 8–9. However, Mr. Martinez does not offer any evidence or reasoning that the

selection of the deciding official was improper, that the absence of such witness testimony was prejudicial, or that the deciding official was indeed biased.

Finally, Mr. Martinez appears to argue that, contrary to the AJ's Initial Decision (and the MSPB's final order affirming it), he has been denied interim relief and has not received from the agency the back pay to which he believes himself entitled. The MSPB, however, denied Mr. Martinez's request for enforcement of the interim relief, S.A. 2–3, and Mr. Martinez has not demonstrated any error in that decision. The MSPB also determined that if Mr. Martinez "believes the agency is not in compliance with the [MSPB]'s final order, he may file a petition for enforcement in accordance with the [MSPB]'s regulations." S.A. 3. The government maintains, and Mr. Martinez does not dispute, that he has not filed such a petition. *See* Resp't's Informal Br. 13. Any issues Mr. Martinez has concerning the agency's compliance with the MSPB's final order are therefore not properly before this court.

## CONCLUSION

We have considered Mr. Martinez's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm.

## **AFFIRMED**

### COSTS

No costs.